Spear, C. J.
The order of the circuit court dismissing the appeal was on the ground of “lack of jurisdiction of the court to try the appeal herein, the same not having been perfected according to law.” In determining its correctness we are controlled by the record.
It is shown by the record of the common pleas that at the May term 1902, to-wit: July 21,1902, an entry was made showing that the cause was tried to the court and judgment rendered for the defendants; also that the “plaintiffs give notice of appeal to the circuit court and the bond therefor is fixed at $800.” Also that July 23, 1902, “Notice of appeal filed,” and July 28,1902, “Appeal bond filed.” The notice of appeal is as follows:
‘ ‘ Gabriel Kenton et al., Plaintiffs, v. The Board of Education of Mad River Township, Ohio, et al., Defendants. Cause No. 12253. Court of Common Pleas, Champaign County, Ohio.
*174 ‘1 NOTICE.
“Now comes the plaintiffs herein by their attorneys and hereby give notice of their intention to-appeal this cause to the Circuit Court of Champaign County, Ohio.
“J. M. Lewis,
“Waite & Deaton,
“Warnock & Eichelberger,

“Attorneys for Plaintiffs.”

It is insisted by plaintiffs in error that this record shows that they complied with all the requirements, of statute necessary to perfect an appeal, while defendants in error contend that the record fails to show compliance in two particulars: 1, that there-was no notice of appeal filed within the statutory time, and 2, that the notice which was filed is insufficient in law.
The statute in force at the time was the act of March 25, 1902, 95 Ohio Laws, 66, which provides that a party desiring to appeal “shall, within three days after the judgment or order is entered on his docket by the trial judge file a written notice of such-intention,” etc.
It seems to have been the opinion of the circuit court that inasmuch as the record does not affirmatively show that the notice was filed within three days after the trial judge entered the judgment on his trial docket that the filing of the notice of appeal July 23d was not within time. With due respect we-are of opinion that this conclusion does not follow. Either one of two views we think will show that it is. not correct. As matter of fact it does appear affirmatively that the judge ever made such entry. Nor is there any requirement of law which makes. *175 it his duty to enter the judgment on the trial docket. In some jurisdictions it is common to make a brief minute on the trial docket; in others not. And nowhere, so far as we are aware, has it ever been customary for the trial judge to write out on the trial docket the judgment rendered. And nobody would doubt that a judgment announced from the bench and entéred by the clerk on the journal would be absolutely beyond question though not a mark had been made upon the trial docket. The statute quoted seems to have been a hasty and inconsiderate effort in the direction of securing what the writer expected would be an earlier time for the giving of notice of appeal than had prevailed in some jurisdictions under the former statute. But it failed of its purpose and was repealed the following October at the special session. The statute, taken altogether, shows clearly that it cannot have been the intention of the legislature to prevent appeals from the common pleas to the circuit court, but to provide for appeals, and such construction should be given to the whole act, if practicable, as will.carry out that intention. When, therefore, we find an incongruous provision it is our duty to reconcile it, if it can be done, with the other provisions, and carry out the spirit of the entire statute. That spirit manifestly is to provide a reasonable method of procedure for appeals, but not a method impossible of execution, or plainly impracticable. There being no requirement, statutory or otherwise, making it the duty of the trial judge to enter the judgment on the trial docket, and there being no power on the part of the defeated party to compel such entry, the condition respecting that matter is clearly impracticable, and the spirit of the law is, we think, satisfied by the entry of the judgment generally and the filing of the *176 written notice of appeal within three days thereafter.
But if it should be determined that there is such duty to so enter the judgment on the trial docket, then the presumption that the judge performed that duty would follow, and this is not inconsistent with the record since the record does not show that the entry of judgment was not upon the trial docket. It is not stated that the entry which appears was made on the journal nor that it was not made on the trial docket. It is true that the entry is of greater length and more full than is common in jurisdictions where it is customary to make some minute on the trial docket, but that fact is not of consequence, for manifestly, if we conclude that a duty rested upon the judge to enter such judgment on that docket and we are to give effect to the literal wording of the statute, then the whole judgment should be entered there, and the presumption would then follow that this entry of judgment is upon that docket. In either view we are of opinion that the conclusion reached by the circuit court on this proposition was not sound. It is urged by counsel that all presumptions favor the circuit court’s judgment and that this court cannot indulge in presumptions against it. But this suggestion ignores the fact that this court has the same record before it that the circuit court had, and the whole question is one of law arising on the record.
Another question bearing, upon this phase of the case may be noticed in passing. At the time the action below was commenced the notice of appeal required by statute was simply an entry on the journal. Therefore, if the entry of judgment made in the present case is to be held as made on the journal *177 rather than on the trial docket, then the statute in force at the commencement of the action was complied with. Whether the old or the new statute applies to.this case we do not determine.
Was the notice itself insufficient? The complaint is that it was not signed by the plaintiffs themselves. It purports to be a notice by the plaintiffs, and is signed by their attorneys of record. Can anybody doubt that this paper in reality conveyed sufficiently to the adverse parties notice of the intent of the parties appellant ? But it is said that It was insufficient in form. It was followed up five days later by the filing of an appeal bond the sufficiency of which is not questioned There was, therefore, an exercise of due diligence, and a persistent effort to perfect an appeal. Why should a mere technical objection as to form of notice prevail against it? To give full effect to the objection the notice would require the signatures of all the plaintiffs, eighty-six in number. It is suggested by counsel for defendants in error that the requirement as to signatures might possibly have been satisfied had the notice been signed “Gabriel Kenton et al.” But how would this help the matter? While the action is brought in the name of all of the plaintiffs there is no real joint interest. That is, no plaintiff is interested in the desired relief from taxation of his fellow-plaintiff, and this being so, it is difficult to see how Mr. Kenton could bind the others by appending “ et al. ” And if this be so then the proposition of defendant in error is baldly that the signatures of eighty-six persons should be obtained,a requirement manifestly impracticable and unreasonable. It is said that the notice is not that of the parties appellant. But the notice in terms, says that *178 the plaintiffs come and give notice. The statute has no provision requiring that the notice be signed by the party. In State v. Bowman, 10 Ohio, 445, it is held that, under a statute requiring that the county treasurer “shall give bond with four or more freehold sureties,” a bond is good against the sureties who signed it although the treasurer himself neither signed nor sealed it. And in Johnson v. Johnson, 31 Ohio St., 131, it is held that under section 38 of the probate act (now section 6408, Eevised Statutes), “an undertaking in appeal, signed by sufficient sureties, is good without the signature of the appellant thereto.” It is further held that “Where the undertaking is defective in omitting by mistake, some of the conditions required by the section, the court of common pleas has power to allow an amendment of the undertaking. ’ ’ The latter holding is in effect that a failure to show absolute technical compliance with all the terms of a statute is not necessarily fatal to the appeal. In the opinion, by G-ilmore, J., it is remarked that: “Where, therefore, the statute giving the right to appeal, does not in express terms require the appellant to sign the appeal bond, courts never require it.” In the same spirit of reasonable construction we think it just to hold, as we do hold, that where the statute giving a right of appeal does not in terms require the appellant to sign the notice of appeal, the courts ought not to require it, and that a notice purporting in the body thereof to be the notice of the party expressive of his intention to appeal, and signed by his attorneys of record in the case, is a sufficient notice under the statute.
As conclusion we are of opinion that the order dismissing the appeal was erroneous and that the *179 cause should be remanded to the circuit court with direction to reinstate the case on the docket and for further proceedings according to law, and judgment will he entered accordingly.

Reversed.

Davis, Shauck, Price and Crew, JJ., concur.
Summers, J., hot sitting.